# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case Nos. CR-18-004-F |
| | ) | CIV-19-1084-F |
| TERESA ANN WATSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant, Teresa Ann Watson, proceeding *pro se*, has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct her federal sentence. Doc. no. 130.[1] Plaintiff, United States of America, has responded in opposition to the motion. Doc. no. 143. Although permitted, defendant has not filed a reply to plaintiff's response. The matter is at issue.

### I.

*Procedural History*

On January 31, 2018, defendant pleaded guilty to a one-count information charging her with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). The guilty plea was pursuant to a plea agreement. In the plea agreement, the parties stipulated that defendant was responsible for distributing at least 5 kilograms of a mixture or substance containing a detectable amount of methamphetamine as part of relevant conduct in the case.

---

[1] Because defendant is proceeding *pro se*, the court construes her filing liberally, but it does not act as her advocate. Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

A final presentence investigation report was prepared by the Probation Office on June 29, 2018. The defendant was held accountable for 48 pounds of methamphetamine, which equated to 21.7728 kilograms of methamphetamine. Based on a total offense level of 35 and a criminal history category of II, defendant's recommended guideline range was 188 to 235 months imprisonment. Defendant filed a sentencing memorandum and a motion for downward departure or downward variance. At a sentencing hearing held on November 19, 2018, the court adopted the presentence investigation report without change but imposed a below-guideline sentence of 115 months. The court also imposed 6 years of supervised release. Judgment was entered that same day. No direct appeal was filed by defendant.

On May 30, 2019, defendant filed a letter which the court construed as a motion to reduce her sentence under 18 U.S.C. § 3582(c). Shortly thereafter, on June 3, 2019, the court dismissed the motion for lack of jurisdiction.

Subsequently, defendant filed her § 2255 motion. Defendant claims defense counsel provided ineffective assistance of counsel.

## II.

*Discussion*

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court laid out the framework for an ineffective assistance of counsel claim. Under it, defendant must show (1) counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness," *id*. at 687-88, and (2) the deficient performance prejudiced the defendant's defense, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. If the defendant fails to make a sufficient showing at either step of the analysis, the court must deny the alleged ineffective assistance of counsel claim. *Id*. at 697.

Defendant claims that her defense counsel was constitutionally ineffective in four ways: (1) failing "to inform and explain [defendant's] rights for [p]ost[c]onviction appeal;" (2) failing to "argue/object to what type of [m]ethamphetamine was charged to [defendant], thus affecting PSR both current and for future litigation;" (3) failing to "object to the quantity of drugs found on [defendant] vs. what the [g]overnment assumed she was selling through [the] conspiracy[;] [defendant] was not given evidentiary hearing;" and (4) failing "to complete [an] agreement for Rule 35 [for defendant]." Doc. no. 130, ECF pp. 5 and 6.

As to the first claim, the court finds defendant has not shown defense counsel's performance was deficient. Defendant does not indicate that she expressed any interest to defense counsel in appealing her conviction or sentence or assert that there were nonfrivolous grounds for appeal. *See*, United States v. Herring, 935 F.3d 1102, 1108 (10th Cir. 2019) (counsel's duty to consult about appeal arises when there is reason to think either that defendant reasonably demonstrated to counsel she was interested in appealing or that a rational defendant would want to appeal because nonfrivolous grounds for appeal existed). Nonetheless, in her motion, defendant represents that counsel advised her that due to her plea agreement, a direct appeal was not possible. According to defendant, counsel told her that her rights had been given away. The record reflects that pursuant to paragraph 10 of the plea agreement, defendant waived her right to appeal her guilty plea and any other aspect of her conviction. Doc. no. 99, ECF p. 8, ¶ 10(a). She also waived her right to appeal her sentence and the manner in which the sentence was determined, unless her sentence was above the advisory guideline range, and in such case, defendant only had a right to appeal the substantive reasonableness of the sentence. *Id.*, ¶ 10(b). However, as previously stated, defendant's sentence was below the advisory guideline range. Defendant not only signed the plea agreement which contained the appellate waivers, but also, the court reviewed those appellate waivers with defendant during

3

the plea hearing. Doc. no. 137, ECF pp. 13- 14. Defendant represented that she understood those waivers. *Id*. at 14. Defendant has not made any claim in her motion that the waiver of her right to appeal her conviction and the waiver of her right to appeal her sentence was not knowing and voluntary. Nor has she demonstrated that she had any claim that fell outside of those appellate waivers. *See*, Garza v. Idaho, 139 S.Ct. 738, 744 (2019) (appeal waiver only precludes challenges that fall within its scope). Further, defendant has not made any allegation that she specifically requested counsel to file an appeal on her behalf, which he failed to file. Garza, 139 S.Ct. at 746 ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.") (quoting Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)). The court therefore finds that defendant has failed to demonstrate her defense counsel's performance as to informing and explaining a right to appeal her conviction or sentence was deficient. Consequently, the court finds that the first claim of ineffective assistance of counsel is without merit.[2]

With respect to the second claim, the court finds that defendant has likewise not shown deficient performance by defense counsel. It is unclear to the court what defendant's claim is. It appears, as argued by the government, that defendant's claim is predicated on a distinction between "actual methamphetamine" and a "mixture or substance containing a detectable amount of methamphetamine." Doc. no. 143, ECF p. 8. However, the government did not charge defendant with actual methamphetamine and the presentence investigation report did not hold defendant accountable for actual methamphetamine. Defense counsel was not deficient in

---

[2] In her motion, defendant alleges that she was subjected to an "inappropriate client-attorney relationship with the court appointed attorney" which "caused distress during proceedings for [defendant]." Doc. no. 130, ECF p. 4. Defense counsel, by affidavit, adamantly denies the allegations. Doc. no. 143, ex. 1, ECF, pp. 11-13. The court declines to address the vague allegation as it is not raised as a ground for relief in defendant's motion.

4

failing to object to the "type" of methamphetamine defendant was charged with by the government. To the extent defendant is claiming that she did not possess a mixture or substance containing a detectable amount of methamphetamine at all, she admitted, under oath at the plea hearing, that she did. Doc. no. 137, ECF pp. 17-18. Thus, the court finds that defendant's second claim of ineffective assistance of counsel also fails on the merits.

Turning to the third claim, the court finds that defendant has not shown deficient performance on the part of counsel or any prejudice to her defense. It appears that defendant is complaining that defense counsel failed to object to her being held accountable for 21.7728 kilograms of methamphetamine. The Sentencing Guidelines, however, require that all relevant conduct be considered at sentencing. *See*, U.S.S.G. § 1B1.3. "In particular, [d]rug quantities associated with illegal conduct for which a defendant was not convicted are to be accounted for in sentencing, if they are part of the same conduct for which the defendant was convicted." United States v. Mendez-Zamora, 296 F.3d 1013, 1020 (10th Cir. 2002). Defense counsel was not deficient in failing to object to the use of 21.7728 kilograms of methamphetamine, as opposed to the quantity of methamphetamine "found" on defendant, in determining defendant's sentence. *See*, United States v. Green, 548 Fed. Appx. 557, 558 (10th Cir. 2013) (counsel did not perform deficiently in failing to object to holding defendant accountable for drug quantities beyond those expressly mentioned in plea agreement). Further, defendant cannot and has not shown that but for defense counsel's failure to make an objection, the result of her sentence would have been different. The court thus finds that defendant's third claim of ineffective assistance of counsel is meritless.

With respect to the fourth and final claim, the court finds that defendant has not shown defense counsel performed deficiently. Defendant has failed to allege any facts to demonstrate that there was any agreement between defendant and the

government regarding a motion under Rule 35(b), Fed. R. Crim. P., which defense counsel failed to "complete." United States v. Hall, 746 Fed. Appx. 773, 776 (10th Cir. 2018) ("[C]onclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.") (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).  In addition, defendant has failed to allege any facts to show any substantial assistance on her part, and even if she could, defendant has not shown any unconstitutional motive on the government's part or any facts to show that her case constitutes an "egregious case," which would have allowed this court, upon motion, to review any refusal by the government's to file a Rule 35(b) motion.  United States v. Maldonado-Acosta, 210 F.3d 1182, 1184 (10th Cir. 2000); United States v. Perez, 955 F.2d 34, 35-36 (10th Cir. 1992).  Hence, the court concludes that defendant's fourth and final claim of ineffective assistance of counsel claim fails on its merits.

### III.

### *Evidentiary Hearing*

The court file and record conclusively show that defendant is not entitled to relief under 28 U.S.C. § 2255.  A hearing is therefore not warranted.  *See*, Sanders v. United States, 373 U.S. 1, 21 (1963) (sentencing court has discretion to ascertain whether claim is substantial before granting full evidentiary hearing in a § 2255 matter).

### IV.

### *Certificate of Appealability*

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard,

the applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Upon review, the court finds that defendant cannot satisfy this standard. The court thus denies a certificate of appealability.

V.

*Conclusion*

Accordingly, defendant, Teresa Ann Watson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. no. 130), is **DENIED**. A certificate of appealability is also **DENIED**.

IT IS SO ORDERED this 27th day of April, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0004p018.docx